# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| SCOTT HONOMICHL,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>MENARD, INC.,<br><br>　　　　Defendant. | No. C 16-4008-MWB<br><br>**MEMORANDUM OPINION AND ORDER REGARDING DEFENDANT'S MOTIONS IN LIMINE** |

_____

This case arises from injuries allegedly suffered by plaintiff Scott Honomichl on June 3, 2013, when a shelving unit with product collapsed and fell on him while he was shopping at a store in Sioux City owned by defendant Menard, Inc. Menard's has admitted liability, leaving only causation of damages by Menard's conduct and the amount of damages for trial. Trial is set to begin on December 12, 2016. This case is before me on Menard's November 1, 2016, Motions In Limine (docket no. 12). Honomichl filed no timely resistance to the Motions.

Menard's First Motion In Limine is to exclude evidence of settlement negotiations. This Motion is **granted**, pursuant to Rule 408 of the Federal Rules of Evidence.

Menard's Second Motion In Limine is to exclude evidence of liability insurance during the trial. This Motion is **granted**, pursuant to Rule 411 of the Federal Rules of Evidence.

Menard's Third Motion In Limine is to exclude evidence of negligence, fault, or liability, on the grounds that such evidence is irrelevant and unduly prejudicial, in light of Menard's admission of liability. Thus, Menard argues that only the most basic facts

of the accident should be admissible.  I agree, after balancing the very limited probative value of the challenged evidence against its potential for unfair prejudice, pursuant to Rule 403 of the Federal Rules of Evidence.  While Honomichl and anyone else may testify to their firsthand observations of *what* happened, they may *not* testify as to the *how* or *why*, nor will evidence that Honomichl was purportedly shielding his minor son from falling merchandise be admissible.  This Third Motion In Limine is **granted**.

Menard's Fourth Motion In Limine seeks to exclude evidence of future medical expenses, loss of future earning capacity, and loss of past wages or income, based on Honomichl's failure to make adequate pretrial disclosures of relevant evidence.  The parties now agree that the only damages that Honomichl will seek at trial are damages for past and future mental and physical pain and suffering and damages for past and future loss of full function of the mind and body.  Thus, the evidence challenged in this Fourth Motion In Limine is no longer at issue, and this Motion is **denied as moot**.

**IT IS SO ORDERED**.

**DATED** this 2nd day of December, 2016.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA